**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3775
_____

RAMON BRITO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-545-259)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2011

Before:  FUENTES, GREENAWAY, JR., and COWEN <u>Circuit</u> <u>Judges</u>

(Opinion filed May 10, 2011)
_____

OPINION
_____

PER CURIAM

      Pro se petitioner Ramon Brito petitions for review of an order of the Board of

Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ")

order of removal.  For the reasons that follow, we will deny his petition for review.

Brito is a native and citizen of the Dominican Republic. He initially entered the United States without authorization and became a lawful permanent resident on May 5, 2000. In 2003, he was convicted in federal court of conspiracy to distribute and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846. He was initially sentenced to 262 months in prison, but his sentence was later reduced to 210 months. On February 5, 2009, he was served with a Notice to Appear, charging him with removability based on his conviction of a crime involving moral turpitude within five years of admission, see 8 U.S.C. § 1227(a)(2)(A)(i), conviction of an aggravated felony,[1] see 8 U.S.C. § 1227(a)(2)(A)(iii), and conviction of a controlled substance violation. See 8 U.S.C. § 1227(a)(2)(B)(i).

Brito appeared before the IJ via videoconference from Low Security Correctional Institution-Allenwood. After two continuances, Brito announced that he would proceed pro se because he could not afford to retain counsel. The IJ went on to explain Brito's rights to him. The transcript of proceedings reflects that, after explaining each of his rights, the IJ asked Brito if he understood them and Brito acknowledged that he did. Brito admitted the allegations against him in the Notice to Appear and the IJ found him removable as charged. The IJ then asked Brito whether he had any immigration applications at that time, which he did not, what country he would want to be removed to, to which he responded "to my country of course," and if there were any reasons Brito could not return to the Dominican Republic. To the last question, Brito answered "no, I'd

---

[1] The Notice to Appear charged Brito with conviction of an aggravated felony based both on his drug trafficking conviction, see 8 U.S.C. § 1101(a)(43)(B), and

want to go back to my country." (A.R. 72.) Due to the nature of his convictions, the IJ indicated that it did not appear he was eligible for any relief from removal. Finally, the IJ asked "Is there anything that you want to tell me before I order you removed from the United States to the Dominican Republic?" Brito responded that he would have to come back to the United States to see his wife and family. (A.R. 72-73.) He did not otherwise express any reservations about being removed to the Dominican Republic.

Brito appealed pro se, arguing that the IJ erred in failing to advise Brito that, despite his felony convictions, he could have filed an application for relief under the Convention Against Torture ("CAT"). See 8 C.F.R. § 1208.16(c). Brito also alleged that the IJ violated 8 C.F.R. § 1240.10, which sets out the rules governing hearings in removal proceedings. As the basis for his claim, Brito alleged that he had cooperated with the federal authorities, providing them with information regarding a murder that implicated members of a Dominican drug organization. Because of this, he claimed that his life would be in danger if he were to return to the Dominican Republic, and that the Dominican government has been known to "turn a blind eye" to the activities of this drug organization. Brito did not provide any more specific information in support of this claim.

Reviewing the transcript from the hearing before the IJ, the BIA held that the IJ did not err in not informing Brito of the potential availability of relief under the CAT, where Brito failed to indicate any fears he had about returning to the Dominican Republic, or any way in which his life might be in danger should he do so. Furthermore,

his conspiracy conviction. See 8 U.S.C. § 1101(a)(43)(U).

3

the BIA held that Brito's "generalized and unsubstantiated allegations" were entitled to "limited probative weight." To the extent Brito's appellate brief could be read to claim that he had been deprived of due process in the conduct of the hearing, the BIA held that the record reflected that the IJ had provided Brito with all of the required information and warnings and "took care to ensure that he understood the same." The BIA agreed with the IJ's determination that Brito was removable as charged and dismissed his appeal. Brito filed a petition for review pro se.

We lack jurisdiction over the BIA's final order of removal to the extent it finds Brito removable for having committed an offense under INA § 237(a)(2)(A)(iii) or (B). See 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction over constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D).

In his petition for review, Brito primarily argues that he did not understand the import of the removal proceedings, that he may have been suffering from complications related to his diabetes at the time, that the IJ found him removable under a statute which was not charged in the Notice to Appear, and that the IJ should have advised him of his right to seek relief under the CAT. To the extent Brito alleges that he was deprived of due process in the conduct of his hearing, we retain jurisdiction over his petition for review. However, we conclude that his claims are without merit. The record reflects that the IJ explained Brito's rights to him several times to ensure that he understood them. Under 8 C.F.R. § 1240.11(c)(1), the IJ is mandated to inform an alien of his right to apply for asylum or withholding of removal "[i]f the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be removed." Brito

4

expressed no hint of fear during his removal proceedings, and, in fact, expressed pleasure at the idea of returning to the Dominican Republic.[2] (A.R. 61-62.) Brito's claim that the IJ erroneously found him guilty of a "weapons charge" under "924C" is without merit. The IJ properly found that Brito had committed a "drug trafficking crime" as defined in 18 U.S.C. § 924(c)(2). While we understand that immigration proceedings may be daunting to navigate without the assistance of an attorney, our review of the record assures us that the IJ endeavored to ensure that Brito was apprised of his rights and understood what was happening. Accordingly, we cannot conclude that Brito's right to due process was in any way compromised by the conduct of these proceedings. See Leslie v. Attorney Gen., 611 F.3d 171, 180 (3d Cir. 2010) (explaining that aliens in removal proceedings are entitled to fundamentally fair removal hearings that comport with due process).

Based on the foregoing, we will deny the petition for review.

---

[2] The Government argues that 8 U.S.C. § 1240.11(c)(1) refers only to withholding of removal under 8 U.S.C. § 1231(b)(3), and not withholding of removal under the CAT. In light of our conclusion that Brito's testimony failed to invoke this section in the first place, we need not reach the question whether this section does or does not encompass claims under the CAT.